

# NUMBER 13-26-00100-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GALEN M. COTTON,
LEONARD J. DURANTE,
ANITA D. DURANTE,
TIMOTHY J. VOGT,
EMMA E. ORELLANA,
JAMES C. LARUE JR., AND
ELISABETH A. MCNINCH,                                    Appellants,

v.

W. GREG SMITH,
LORNE D. MONTGOMERY,
AIMEE K. MONTGOMERY, AND
SANDY CREEK AIRPORT, INC.,                               Appellees.

## ON APPEAL FROM THE 12TH DISTRICT COURT
## OF WALKER COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Chief Justice Tijerina[1]**

Appellants Galen M. Cotton, Leonard J. Durante, Anita D. Durante, Timothy J. Vogt, Emma E. Orellana, James C. Larue Jr., and Elisabeth A. McNinch have filed a petition for permissive interlocutory appeal seeking to challenge the trial court's order granting summary judgment in favor of appellees W. Greg Smith, Lorne D. Montgomery, Aimee K. Montgomery, and Sandy Creek Airport, Inc.[2]

Generally, an order that does not dispose of all claims and all parties is interlocutory and is not an appealable order. *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019). To be entitled to a permissive appeal from an interlocutory order that is not otherwise appealable, the requesting party must establish to the trial court that (1) the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion" and (2) allowing an immediate appeal "may advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE § 51.014(d); *see also* TEX. R. APP. P. 28.3 (setting out the requirements for permissive appeals in civil cases). If the trial court grants permission to appeal, we may accept the appeal if the appeal is warranted under the foregoing criteria. TEX. CIV. PRAC. & REM. CODE § 51.014(f); *see Sabre*, 567 S.W.3d at 732 ("Texas courts of appeals have discretion to accept or deny permissive interlocutory appeals certified under section

---

[1] This appeal was transferred to this Court from the Tenth Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001.

[2] The only pending claim in the trial court is for attorneys' fees.

51.014(d) . . . .").

The trial court must identify the "controlling question of law as to which there is a substantial ground for difference of opinion" and "state why an immediate appeal may materially advance the ultimate termination of litigation." TEX. R. CIV. P. 168; *Archibald v. El Paso Orthopedic Surgery Group, P.A.*, No. 08-22-00091-CV, 2023 WL 2214184, at *6 (Tex. App.—El Paso Feb. 24, 2023, no pet.) (mem. op.). The trial court must also make a substantive ruling on the questions of law it identified. *See Archibald*, 2023 WL 2214184, at *6.

Here, the order states:

> (1) this order denying Defendants'/Counter-Plaintiffs' request for dismissal of all Plaintiffs in this matter due to lack of standing involves a controlling question of law as to which there is a substantial ground for difference of opinion; and

> (2) an immediate appeal from the order may materially advance the ultimate termination of this litigation.

> The Court further finds that the Court's prior partial granting of Plaintiff's/Counter-Defendant's motion for summary judgment filed Oct. 18, 2024 and the denial of Defendant's/Counter-Plaintiff's motion for reconsideration (specifically with regard to the Court's finding that Defendant Galen M. Cotton failed to comply with Sandy Creek Airport, Inc.'s bylaws) involve a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of this litigation.

This order does not identify a controlling question of law as to which there is a substantial ground for difference of opinion, does not state why an immediate appeal may materially advance the ultimate termination of litigation, and does not provide a substantive ruling of a question of law. *See id.* Moreover, appellants claim that the trial court gave them permission to appeal the following questions of law: "First is whether

Cotton satisfied the notice requirements. Second is the threshold inquiry of whether shareholders, each of whom received notice, have standing to seek declaratory relief that Sandy Creek did not receive a valid offer to buy the shares." However, as shown above, the trial court did not grant permission to appeal these purported questions of law. *See Mack v. Pittard*, No. 04-24-00201-CV, 2024 WL 2836624, at *3 (Tex. App.—San Antonio June 5, 2024, no pet.) (mem. op.) (explaining that the court "lack[ed] jurisdiction to consider this permissive appeal for at least two additional reasons. First, this court has explained that 'our jurisdiction is limited to the order or part of the order the trial court granted permission to appeal'"); *see also BPX Operating Co. v. Strickhausen*, 629 S.W.3d 189, 195 n.4 (Tex. 2021) (declining to address the petitioner's purported question of law regarding estoppel because "the trial court's identification of the 'controlling question[s] of law' for the permissive appeal includes ratification but not estoppel").

Having reviewed appellants' petition and the record documents attached thereto, this Court is of the opinion that appellants have not shown entitlement to permissive interlocutory appeal. Accordingly, we deny the petition for permissive interlocutory appeal, and we dismiss the appeal for want of jurisdiction. We further dismiss all pending motions as moot.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
26th day of February, 2026.

4